UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Danyelle L. Dunn, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:1:12-cv-471 |
| ) | |
| NCO Financial Systems, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | _____ |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

### Jurisdiction

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

5. Venue is proper in this Judicial District.

6. The acts and transactions alleged herein occurred in this Judicial District.

7. The Plaintiff resides in this Judicial District.

8. The Defendant transacts business in this Judicial District.

## Parties

9. Plaintiff Danyelle Dunn is a natural person.

10. The Plaintiff is a "consumer" as that term is defined by § 1692a.

11. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

12. The Defendant, NCO Financial Systems, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency operating from an address at 507 Prudential Road, Horsham, PA 19044.

13. The principle purpose of Defendant is the collection of debts using the mails and telephone.

14. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

15. The Defendant is licensed as a debt collector in the State of Indiana. *See Exhibit "A"*.

## Factual Allegations

16. The Defendant NCO Financial Systems, Inc. is a debt collection agency attempting to collect a debt from Plaintiff.

17. The Plaintiff incurred a debt that was primarily for personal, family or household purposes as defined by §1692(a)(5).

18. The debt owed by Plaintiff went into default.

19. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the debt.

21. The Plaintiff requests that the Defendant cease all further communication on the debt.

22. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

23. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

24. On or around March 23, 2012, Plaintiff received a telephone call from Defendant in an attempt to collect a debt. *See Plaintiff's Affidavit attached hereto as Exhibit "B".*

25. During this telephone conversation, the Defendant refused to identify the name fo the creditor for whom the debt collector was attempting to collect. *See Exhibit "B".*

26. In addition, Plaintiff informed Defendant that Plaintiff's legal representation in regards to this debt was John Steinkamp. Despite Plaintiffs conveyance of legal representation to Defendant, Defendant contacted the Plaintiff instead of Plaintiffs attorney numerous times that same day. *See Exhibit "B".*

27. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 27 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated the FDCPA by continuing to contact Plaintiffs repeatedly and continuously, and thus engaging in conduct the natural consequence is to harass any person in the collection of a debt, pursuant to the preface of 15 U.S.C. § 1692d.

3. The Defendant violated the FDCPA by failing to state the name of the creditor to whom the debt is owed pursuant to 15 U.S.C. § 1692g.

4. The Defendant violated the FDCPA by continuing to contact the Plaintiffs after being notified of legal representation, pursuant to 15 U.S.C. § 1692c.

5. The Defendant violated the FDCPA by using unfair and unconscionable means to collect a debt by contacting the Plaintiff after being informed of representation pursuant to 15 U.S.C. sec. 1692f.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com